Ahren A. Tiller, Esq. [SBN: 250608]
Email: ahren.tiller@blc-sd.com
Brett F. Bodie, Esq. [SBN: 264452]
Email: brett.bodie@blc-sd.com
BLC LAW CENTER, APC
1230 Columbia Street, Suite 1100
San Diego, California 92101
Telephone: (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
ROBERTO TOLENTINO MANALAD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

|  |  |
|---|---|
| ROBERTO TOLENTINO MANALAD<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant, | **Case No.** 2:26-cv-04168-DSF-MAR<br><br>**JOINT RULE 26(f) REPORT**<br><br><br><br><br><br>Judge: Hon. Dale S. Fischer<br><br>Magistrate: Hon. Mag. Margo A. Rocconi |

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's May 4, 2026, Standing Order for Cases Assigned to Judge Dale S. Fischer (Dkt. 10), Plaintiff Roberto Tolentino Manalad ("Plaintiff") and Defendant Portfolio Recovery Associates, LLC ("PRA" or "Defendant") (collectively, the "Parties"), by and through their respective counsel of record, met and conferred in good faith by electronic mail concerning the matters addressed in Federal Rule of Civil Procedure

- 1 -

26(f) and Local Rule 26-1 and respectfully submit the following Joint Rule 26(f) Report.

**A.      Statement of the Case**

*Plaintiff's Statement:*

This action arises out of Defendant PRA's collection efforts against Plaintiff in connection with a consumer debt allegedly owed by Plaintiff. Plaintiff alleges that, prior to 2025, PRA was retained to collect on a delinquent consumer debt and began placing repeated collection calls to Plaintiff's cellular telephone, often as many as twice per day, using an automatic telephone dialing system and/or an artificial or prerecorded voice. On May 5, 2025, Plaintiff's counsel mailed a cease-and-desist and notice-of-representation letter to PRA, revoking any prior express consent, advising PRA that Plaintiff was represented by counsel, and demanding that PRA cease all further direct communications with Plaintiff. Plaintiff alleges that, notwithstanding receipt of that letter, PRA continued to place collection calls to Plaintiff's cellular telephone on numerous occasions in 2025. Plaintiff asserts claims against PRA for: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); (2) violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788–1788.32 ("RFDCPA"); and (3) willful and/or negligent violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Plaintiff seeks statutory and actual damages, treble/statutory damages under the TCPA, costs, and reasonable attorneys' fees.

*Defendant's Statement:*

The Complaint in this matter purports to set forth claims against PRA for violations of the FDCPA, the RFDCPA, and the TCPA. PRA denies it violated the FDCPA, the RFDCPA, and/or the TCPA with respect to Plaintiff and further denies Plaintiff is entitled to any of the requested relief and/or judgments. Specifically, PRA denies that it used an automatic telephone dialing system or a pre-recorded or artificial voice to contact Plaintiff's cellular telephone number. Discovery has not yet

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*

begun, and PRA bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as the case and the facts develop.

**B.      Subject Matter Jurisdiction**

The Parties agree that the Court has federal-question jurisdiction over Plaintiff's FDCPA and TCPA claims pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. § 1367(a). Defendant has been served and has appeared. The Parties do not anticipate any jurisdictional disputes.

**C.      Legal Issues**

The Parties anticipate that the principal legal issues will include:

(1)      whether PRA's communications and telephone calls violated 15 U.S.C. §§ 1692c, 1692d, 1692e, and/or 1692f;

(2)      whether PRA's communications violated Cal. Civ. Code §§ 1788.11, 1788.14, 1788.17, and/or related provisions of the RFDCPA;

(3)      whether PRA used an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(a)(1) and *Facebook, Inc. v. Duguid,* 141 S. Ct. 1163 (2021), and/or an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A);

(4)      whether Plaintiff provided, and whether Plaintiff effectively revoked, prior express consent to be called on his cellular telephone;

(5)      whether any alleged violation by PRA was willful or knowing for purposes of 47 U.S.C. § 227(b)(3)(B)–(C);

(6)      whether PRA is entitled to the bona fide error defense under 15 U.S.C. § 1692k(c) and Cal. Civ. Code § 1788.30(e);

(8)      whether Plaintiff is a "consumer" under the FDCPA;

(9)      whether any financial obligation Plaintiff may have owed to PRA was a "debt" under the FDCPA or a "consumer debt" under the RFDCPA;

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*

(10)   whether Plaintiff is the owner and subscriber of the subject telephone number PRA allegedly called;

(11)   the nature and amount of statutory, actual, and treble damages, if any, and Plaintiff's entitlement to attorneys' fees and costs.

**D.      Parties, Evidence, etc.**

The Parties to this action are Plaintiff Roberto Tolentino Manalad and Defendant Portfolio Recovery Associates, LLC. The Complaint does not name any fictitious or Doe defendants. The Parties do not presently anticipate adding additional parties; however, both sides reserve the right to seek leave to amend or to add parties to the extent warranted by discovery, subject to Section 11 of the Court's Standing Order and Rule 15.

The Parties anticipate that the principal witnesses will include: (i) Plaintiff; (ii) one or more designated representatives and custodians of records of PRA with knowledge of PRA's collection account for Plaintiff, its telephone technology and call records, its policies and procedures, and its handling of cease-and-desist and representation notices; (iii) any third-party vendors or telephone carriers who placed, routed, or recorded calls to Plaintiff; and (iv) any members of Plaintiff's firm who have knowledge of the drafting and submission of the May 5, 2025, Letter. Each side anticipates designating at least one expert; see Section L below. The Parties anticipate that the documentary evidence will include PRA's account file for Plaintiff, PRA's call logs and call recordings (if any), PRA's telephone configuration and policy documents, PRA's notes and screen captures for the account, the May 5, 2025 cease-and-desist and notice-of-representation letter and proof of mailing, Plaintiff's cellular telephone records and screenshots, and the Complaint and Answer in this action.

**E.      Damages**

*Plaintiff's Position:*

Plaintiff seeks: (a) statutory damages of up to $1,000 under 15 U.S.C. § 1692k(a)(2)(A); (b) statutory damages of up to $1,000 under Cal. Civ. Code §

1788.30(b); (c) statutory damages of $500 per negligent violation and up to $1,500 per willful or knowing violation of the TCPA under 47 U.S.C. § 227(b)(3); (d) actual damages, including damages for emotional distress, invasion of privacy, lost time, and out-of-pocket expenses; (e) reasonable attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c); and (f) such other relief as the Court deems just and proper. Plaintiff will provide a more particular computation of damages with his initial disclosures under Rule 26(a)(1)(A)(iii) and will supplement as discovery proceeds.

*Defendant's Position:*

PRA does not seek any damages at this time, but it reserves the right to do so. Further, PRA denies any liability to Plaintiff for any damages.

**F.      Insurance**

Defendant will provide information regarding any insurance agreement that may satisfy all or part of a possible judgment in this action as part of its Rule 26(a)(1)(A)(iv) initial disclosures.

**G.      Motions**

Plaintiff does not presently anticipate filing any motions to add parties, transfer venue, or otherwise amend the pleadings, although Plaintiff reserves the right to seek leave to amend as warranted by discovery and consistent with this Court's deadline for hearing motions to amend pleadings or add parties. Defendant has filed its Answer (Dkt. 11) and does not presently anticipate filing a motion to dismiss under Rule 12. Either Party may file discovery motions before the assigned Magistrate Judge as warranted, consistent with Local Rule 37 and Judge Rocconi's Standing Order on Discovery Disputes; the Parties intend to meet and confer in good faith regarding any discovery issues before filing any such motion.

**H.      Manual for Complex Litigation**

This case is a non-class, individual consumer-protection action involving a single plaintiff and a single defendant. The Parties do not believe that the procedures

of the Manual for Complex Litigation need to be utilized in this case.

**I.      Status of Discovery**

No formal discovery has yet been issued. Pursuant to Federal Rule of Civil Procedure 26(d)(1), neither Party may seek discovery from any source before the Parties have conferred under Rule 26(f). The Parties conducted their Rule 26(f) conference by electronic mail between May 18, 2026, and the date of this Report, in accordance with the agreement of counsel and consistent with the directive in Judge Fischer's Standing Order that discovery proceed expeditiously. The Parties agree to exchange their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on or before August 10, 2026, which is within 14 days of the close of the Rule 26(f) conference. The Parties may begin propounding written discovery and noticing depositions immediately upon the completion of the Rule 26(f) conference.

**J.      Discovery Plan (Rule 26(f)(3))**

1.      Changes to Initial Disclosures (Rule 26(f)(3)(A)). The Parties do not propose any changes to the form, requirements, or timing of disclosures under Rule 26(a). The Parties have agreed to exchange initial disclosures on or before August 10, 2026.

2.      Subjects, Timing, and Phasing of Discovery (Rule 26(f)(3)(B)). Plaintiff anticipates discovery directed to PRA concerning, among other things: (a) PRA's account file, notes, and recordings regarding Plaintiff and the underlying alleged debt; (b) PRA's call logs, dialer technology, and dialing platforms used to contact Plaintiff; (c) PRA's policies, procedures, training materials, and compliance programs regarding the FDCPA, RFDCPA, TCPA, and Regulation F; (d) PRA's handling of cease-and-desist and notice-of-representation letters; (e) PRA's communications with Plaintiff and with third parties about Plaintiff or the alleged debt; and (f) PRA's financial information relevant to net worth for purposes of statutory-damages caps. Defendant anticipates discovery directed to Plaintiff concerning, among other things: (a) the nature of Plaintiff's alleged debt; (b) any communications between Plaintiff

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*

and PRA; (c) Plaintiff's cell phone records, including call logs and monthly billing statements; and (d) Plaintiff's damages, if any.

3.    Electronically Stored Information (Rule 26(f)(3)(C)). The Parties anticipate that relevant electronically stored information ("ESI") will include PRA's collection-account database records, dialer call logs, audio recordings of calls (if any), screen-captures and notes regarding Plaintiff's account, and email correspondence; and on Plaintiff's side, cellular call records, voicemails, text messages, screenshots of incoming calls, and correspondence with PRA and counsel. The Parties agree to produce ESI in reasonably usable form: text-searchable PDF for documents; native format (e.g., .xlsx, .csv) for spreadsheets and structured data; native or commonly used audio format (e.g., .wav or .mp3) for call recordings; and reasonable metadata fields agreed upon by the Parties. The Parties have issued, or will issue, appropriate litigation-hold instructions to their respective clients to preserve potentially discoverable information, including ESI. If a Party identifies sources of ESI that it contends are not reasonably accessible because of undue burden or cost under Federal Rule of Civil Procedure 26(b)(2)(B), it will identify those sources and the Parties will meet and confer.

4.    Privilege Issues; Federal Rule of Evidence 502 (Rule 26(f)(3)(D)). The Parties intend to negotiate and submit a stipulated protective order based on Magistrate Judge Rocconi's model protective order (and an accompanying redline) for the Magistrate Judge's consideration. The Parties also intend to negotiate and submit a stipulated order under Federal Rule of Evidence 502(d) providing that the production or disclosure of privileged or work-product material in this litigation does not waive privilege or protection in this or any other federal or state proceeding, and that the Parties may invoke "clawback" procedures consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

5.    Changes to Discovery Limits (Rule 26(f)(3)(E)). The Parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*

Civil Procedure or the Local Rules at this time. The Parties anticipate that the Rule 30(a)(2)(A) ten-deposition limit, the Rule 30(d)(1) seven-hour deposition limit, the Rule 33(a)(1) twenty-five interrogatory limit, and the Rule 36 default limits will be sufficient, but reserve the right to seek modification by stipulation or motion if warranted.

6.     Other Orders (Rule 26(f)(3)(F)). Other than the stipulated protective order and Rule 502(d) order described above, the Parties do not currently anticipate the need for additional orders under Federal Rule of Civil Procedure 26(c), 16(b), or 16(c), and will present any such requests to the assigned Magistrate Judge or this Court as appropriate.

**K.     Discovery Cut-Off**

The Parties' proposed non-expert discovery cut-off date is set forth in the proposed Schedule of Pretrial and Trial Dates attached as Exhibit A.

**L.     Expert Discovery**

Plaintiff anticipates designating an expert witness on, among other things, the technical operation of PRA's dialer(s) and call platforms, and may designate an expert on damages, including TCPA statutory-damages methodology. Defendant anticipates designating an expert on the same subjects, as well as on any percipient and rebuttal subjects revealed by discovery. The Parties' proposed expert-disclosure and expert-discovery cut-off dates are set forth in the proposed Schedule of Pretrial and Trial Dates attached as Exhibit A.

**M.     Dispositive Motions**

Both Parties reserve the right to file motions for summary judgment or partial summary judgment under Federal Rule of Civil Procedure 56 consistent with Judge Fischer's Standing Order Re Motions for Summary Judgment, on issues which may include (without limitation): consent, revocation of consent, whether PRA used an automatic telephone dialing system or an artificial or prerecorded voice, willfulness, the bona fide error defense, and damages.

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*

**N.    Settlement / Alternative Dispute Resolution**

The Parties acknowledge receipt of the Notice to Parties of Court-Directed ADR Program (Dkt. 4) and counsel have furnished and discussed the Notice with their respective clients in advance of the Rule 26(f) conference, as required by Local Rule 26-1(c). The Parties have engaged in preliminary settlement communications, including an opening demand from Plaintiff, but have not yet reached a resolution. Pursuant to Local Rule 16-15.4, the Parties select ADR Procedure No. 3 — private mediation. The Parties respectfully propose that the mediation occur no later than June 7, 2027, which is the proposed Local Rule 16-15 ADR cut-off shown on the proposed Schedule of Pretrial and Trial Dates (Exhibit A). The Parties will continue to evaluate the appropriateness of an earlier mediation as discovery develops.

**O.    Trial Estimate**

Plaintiff has demanded a jury trial in the Complaint. The Parties estimate that trial will take approximately three (3) court days. Plaintiff anticipates calling between three and five witnesses in his case-in-chief; Defendant anticipates calling between three and five witnesses in its case-in-chief. Both sides reserve the right to amend these estimates as discovery progresses.

**P.    Lead Trial Counsel**

Lead trial counsel for Plaintiff is Ahren A. Tiller, Esq. of BLC Law Center, APC. Lead trial counsel for Defendant is Elizabeth Holt Andrews, James Trefil (application for admission pro hac vice forthcoming), and Stephen D. Lozier (application for admission pro hac vice forthcoming). of Troutman Pepper Locke LLP.

**Q.    Independent Expert / Master**

The Parties do not believe that the appointment of an independent expert or special master under Federal Rule of Civil Procedure 53 is necessary in this case.

**R.    Magistrate Judge for Trial**

The Parties do not at this time consent to have a United States Magistrate Judge

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*

preside over the entire case, including trial, under 28 U.S.C. § 636(c). All discovery matters remain referred to the assigned Magistrate Judge, the Honorable Margo A. Rocconi, pursuant to Section 2 of Judge Fischer's Standing Order.

**S.      Class Actions**

This case is an individual action and is not pleaded as a putative class action. Accordingly, the 120-day class-certification deadline in Section 10 of Judge Fischer's Standing Order is inapplicable.

**T.      Other Issues**

The Parties are not aware of any other matters that materially affect this Joint Report or that require the Court's attention at this time. The Parties will continue to confer in good faith regarding any matters that may arise.

**U.      Timetable**

The Parties' joint proposed schedule of pretrial and trial dates, presented on Judge Fischer's standard form, is set forth below. The Parties have proposed identical dates and respectfully request the Court's adoption of those dates in its Rule 16(b) scheduling order.

**Schedule of Pretrial and Trial Dates**

| Matter | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| Trial (jury) (length 3 days) (Tuesday) — 8:30 a.m. | August 31, 2027 | 90 days after issuance of order on dispositive motions | |
| Pretrial Conference, L.R. 16; Hearing on Motions in Limine (Monday) — 3:00 p.m. | August 2, 2027 | 30 days before trial date | |

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*

| Matter | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| Trial Documents (Set Two): Lodge Pretrial Conference Order (L.R. 16-7); File Oppositions to Motions in Limine; File Agreed Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions and Verdict Forms | July 19, 2027 | 45 days before trial date | |
| Trial Documents (Set One): File Memorandum of Contentions of Fact and Law (L.R. 16-4); Exhibit & Witness Lists (L.R. 16-5, 16-6); Status Report Regarding Settlement; Motions in Limine (no more than five motions per side without Court permission) | July 12, 2027 | 60 days before trial date | |
| Last day to conduct ADR Proceeding, L.R. 16-15 | June 7, 2027 | June 7, 2027 | |
| Last day to hear motions (except motions to amend pleadings or add parties and motions in limine), L.R. 7 (Monday) | May 24, 2027 | May 24, 2027 | |
| Non-Expert Discovery Cut-Off | April 5, 2027 | April 5, 2027 | |
| Expert Disclosure (Initial) | February 22, 2027 | February 22, 2027 | |
| Expert Disclosure (Rebuttal) | March 22, 2027 | March 22, 2027 | |

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*

| Matter | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| Expert Discovery Cut-Off | April 5, 2027 | April 5, 2027 | |
| Last day to hear motion to amend pleadings or add parties (Monday) | January 25, 2027 | January 25, 2027 | |

L.R. 16-15 ADR Choice (Plaintiff and Defendant):

[ ] 1. U.S. Magistrate Judge    [ ] 2. Court Mediation Panel    [X] 3. Private Mediation

Respectfully submitted,

Dated: May 19, 2026,                          Dated: July 27, 2026,

**BLC LAW CENTER, APC**                  **TROUTMAN PEPPER LOCKE LLP**

By: */s/ Ahren A. Tiller, Esq.*              By: */s/ Elizabeth Holt Andrews*
    Ahren A. Tiller, Esq.                         Elizabeth Holt Andrews, Esq.
    Attorneys for Plaintiff                       Stephen D. Lozier, Esq.
                                                  Attorneys for Defendant

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*

## SIGNATURE CERTFICATION

Attestation Pursuant to Local Rule 5-4.3.4(a)(2)(i):

I, Ahren A. Tiller, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 27, 2026,

By:  **BLC LAW CENTER, APC**

*/s/ Ahren A. Tiller, Esq.*
Ahren A. Tiler, Esq.
Attorney(s) for Plaintiff

- 13 -

332303496

*Manalad v. Portfolio Recovery Associates, LLC- Report of Rule 26(f) Conference*